UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIPU JULIUS SULUAI,

                Plaintiff,

   v.

JUAN JOSEPH MUNA, et al.,

                Defendants.

Case No. C18-1120 RSL-BAT

**REPORT AND RECOMMENDATION**

On August 15, 2018, plaintiff, a King County Regional Justice Center (RJC) detainee, filed a *pro se* 28 U.S.C. § 1983 civil rights complaint naming as defendants inmate Juan J. Muna and the RJC. Dkt. 5. The Court declined to serve the complaint because it was deficient, and granted plaintiff leave to file an amended complaint by **September 4, 2018.** Dkt. 6. Plaintiff was informed that if did not file an amended complaint or cure the deficiencies by this date, the Court would recommend the case be dismissed. Plaintiff has thus far failed to respond.

The complaint alleges on October 6, 2017, inmate Muna assaulted plaintiff, and that jail officer Ivanova did not protect or keep plaintiff safe from the attack. Dkt. 5. Plaintiff was informed he should correct the following deficiencies:

(1)    An agency such as the RJC cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Rather, the proper defendant would be King County, a municipality. Plaintiff must thus amend his complaint to name King County, not the RJC. Also, for King

REPORT AND RECOMMENDATION - 1

1  County to liable plaintiff must show King County itself violated his rights or that it directed its
2  employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).
3  King County cannot be held responsible for the acts of its employees under a respondeat superior
4  theory of liability. That is, King County is not liable simply because it employed defendant
5  officer Ivanova or operates the RJC. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694
6  (1978). Rather, to sue King County, plaintiff must allege facts showing the assault he claims he
7  suffered was the result of a custom or policy of the local governmental unit. *Id.*

8      (2)    A federal civil rights action can only be brought against a state actor, not another
9  jail inmate such as Mr. Muna. *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000).

10     (3)    The complaint also alleges officer Ivanova failed to protect plaintiff or keep him
11 safe. This allegation must be supported by sufficient facts that state a claim upon which relief
12 may be granted that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A
13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to
14 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The
15 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
16 possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely
17 consistent with' a defendant's liability, it 'stops short of the line between possibility and
18 plausibility of 'entitlement to relief.'" *Id*. (citations omitted). Here the complaint alleges a failure
19 to protect. This does not state a claim for relief because as the Supreme Court noted in *Iqbal*, "[a]
20 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause
21 of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of
22 further factual enhancement.'" *Id.* (citations omitted).

REPORT AND RECOMMENDATION - 2

**CONCLUSION**

The Court recommends the claims against defendants RJC, King County, inmate Muna, and officer Ivanova be dismissed **without** prejudice. Inmate Muna and the RJC are not defendants who normally can be sued under § 1983.  While King County and officer Ivanova can be used under § 1983, the complaint lacks sufficient facts to state claims for relief against these defendants. The dismissal should be without prejudice in light of plaintiff's pro se prisoner status.

This Report and Recommendation is not an appealable order. Plaintiff should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections limited to eight pages may be filed no later than **September 19, 2018.**  The Clerk should note the matter for **September 21, 2018**, as ready for the District Judge's consideration.

The failure to timely object may affect the right to appeal.  The Clerk shall also provide a copy of this report and recommendation to petitioner. The Clerk shall provide this order to plaintiff.

DATED this 5th day of September, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge